UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Civil Action No. 07-02185(JDB) |
| **$83,225.00 in UNITED STATES CURRENCY,** | |
| Defendant. | |

### MOTION TO DISMISS FORFEITURE ACTION

**COMES NOW THE CLAIMANT, Tonya Harris-Greene** (hereinafter referred to as "Ms. Harris-Greene"), by and through undersigned counsel, and respectfully requests that this Honorable Court dismiss the Verified Complaint *In Rem* filed by the United States of America (hereinafter referred to as "the government") with prejudice pursuant to Fed.R.Civ.P. 12(b)(6). In support of this motion, Ms. Harris-Greene submits the following:

### Background

On or about December 4, 2007, the government filed a Verified Complaint for Forfeiture *In Rem* and a Warrant for Arrest *In Rem* (hereinafter referred to as the "Complaint") with this Honorable Court, giving rise to the instant action. In its Complaint, the government alleged that the defendant Property, consisting of Eighty-Three Thousand, Two Hundred Twenty-Five Dollars in United States currency ($83,225.00) (hereinafter referred to as the "Property"), was subject to seizure and forfeiture to the government pursuant to 21 U.S.C. §881(a)(6). In support of its action, the government set forth the following in its Complaint:

1

## NATURE OF THE ACTION AND DEFENDANT *IN REM*

1. This is a civil action *in rem* to forfeit and condemn to the use and benefit of the plaintiff United States of America the defendant personal property of $83,225.00 in U.S. currency seized from a safe located in a bedroom at ***xxxx Suitland Terrace, S.E., Apartment #301, Washington, D.C.*** on May 16, 2007……

\* \* \* \* \*

## STATEMENT OF FACTS

4. On May 16, 2007, a search warrant, issued by the Superior Court for the District of Columbia, was executed by officers of the Metropolitan Police Department ("MPD") at ***xxxx Suitland Terrace, Apartment #301, Washington, D.C.*** ….

5. On May 16, 2007, …..his mother, Tonya Harris-Greene, resided at ***xxxx Suitland Terrace, Apartment #301, Washington, D.C.***

\* \* \* \* \*

13. Police seized the safe and the defendant $83,225.00, and later placed the cash in a box in a room at the MPD warehouse. Police brought a dog that had been specially trained to detect by scent the presence of contraband drugs….located the box….

14. Police also placed the safe in the room. The dog located the safe….

\* \* \* \* \*

20. MPD officers transferred custody of the defendant $83,225.00 cash to the federal Drug Enforcement Administration ("DEA') so that the funds could be processed for administrative forfeiture….

Government Complaint at 1, 2, 3 and 4. (Emphasis added.)

As it was aware that Ms. Harris-Greene reasonably appeared to be a potential claimant who would assert a lawful interest in some or all of the Property, the government served a copy of the Complaint, as well as a "Notice of Forfeiture Action," upon Ms. Harris-Greene on or

2

about February 21, 2008.  In accordance with Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, Ms. Harris-Greene properly filed a Claim before this Court on or about March 26, 2008 (hereinafter referred to as the "Claim").  In her Claim, Ms. Harris-Greene asserted that she was the rightful and legal owner of a portion of the Property, namely Sixty Thousand Dollars in United States currency ($60,000.00).

On March 31, 2008, this Honorable Court entered an Order advising the parties that it intended to schedule an Initial Scheduling Conference in this matter, should no dispositive motions be filed on or before April 21, 2008.

**Argument**

Rule G(8)(b)(i) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims (hereinafter referred to generally as the "Supplemental Rules") provides that "A claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b)."  "In order to establish that he or she has standing to contest forfeiture at the pleading stage, a claimant must allege a sufficient interest in the seized property, such as an ownership interest, or a security interest." *United States v. $148,840.00 in U.S. Currency*, 2008 WL901783 (10th Cir.) (April 4, 2008) (internal citations omitted).  In its Complaint, the government itself alleged facts sufficient to establish Ms. Harris-Greene's standing.  In addition, Ms. Harris-Greene quite clearly set forth in her Claim that she was "the rightful and legal owner" of a portion of the Property.[1]

Ms. Harris-Greene is required, pursuant to Rule G(5)(b) of the Supplemental Rules, to file any motions pursuant to Rule 12 of the Federal Rules of Civil Procedure within twenty (20) days of filing her Claim.  As Ms. Harris-Greene filed her Claim on March 26, 2008, her motion to dismiss is timely filed.

---

[1] Verified Claim of Tonya Harris-Greene, ¶¶4 and 5.

3

Rule 12 of the Federal Rules of Civil Procedure provides, in pertinent part:

> (b) **How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> * * * * *
>
> **(6)** failure to state a claim upon which relief can be granted;…

Rule G(2) of the Supplemental Rules sets forth certain requirements that the government must adhere to when filing a complaint in a forfeiture action, and provides, in pertinent part:

> **(2)Complaint.** The complaint must:
>
> * * * * *
>
> (d) if the property is tangible, state its location when any seizure occurred and – if different – its location when the action is filed;….

Clearly, the mandate of Rule G(2)(d) of the Supplemental Rules is straightforward: a complaint in a civil forfeiture action must state the location of the property when it was seized, and, if different, its location when the action is commenced. The government has failed to comply with that very clear mandate.

As set forth above, the Complaint filed by the government failed to list the address from which the Property was seized. Not once, but several times, the government referred to the location as "xxxx Suitland Terrace, S.E….," never actually providing the address. In addition, the four corners of the Complaint are silent as to the current location of the Property. The closest the government comes to complying with that portion of Rule G(2)(d)'s mandate is a reference to the Property having been turned over to the Drug Enforcement Agency for processing of an administrative forfeiture action.

4

As the government has failed to comply with the mandates of Rule G of the Supplemental Rules, it has failed to state a claim upon which relief can be granted. As a result, Ms. Harris-Greene, as a claimant with standing before this Court, is entitled to have the Complaint dismissed pursuant to Fed.R.Civ.Pro. 12(b)(6).

**WHEREFORE**, the Claimant, Tonya Harris-Greene, respectfully requests that this Honorable Court dismiss the Complaint filed by the government against the defendant Property with prejudice pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

**RETURETA & WASSEM, P.L.L.C.**

By: _____/s/_____
Manuel J. Retureta, Esq.
District of Columbia Bar #430006
601 Pennsylvania Avenue, NW
South Building – Suite 900
Washington, D.C. 20004
(202) 220-3073
(202) 220-3130 Fax
Counsel for Claimant Tonya Harris-Greene

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy of the foregoing Motion to Dismiss was served on all parties via ECF on this 15th day of April 2008.

_____/s/_____
Manuel J. Retureta, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**$83,225.00 in UNITED STATES CURRENCY,**<br><br>Defendant. | Civil Action No. 07-02185 (JDB) |

**ORDER**

Before the Court is a "Motion to Dismiss Forfeiture Action" filed by Claimant, Tonya Harris-Greene. After considering the Claimant's motion, as well as the entire record, it is hereby **ORDERED,** that the Claimant's "Motion to Dismiss Forfeiture Action" be and is hereby **GRANTED**.

**SO ORDERED** this _____ day of _____ 2008.


_____
JOHN D. BATES
United States District Judge


**Copies To:**

All Parties Via ECF.