## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civ. No. 07-02185 (JDB)** |
| ) | |
| **$83,225.00 IN U.S. CURRENCY,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |
| ) | |
| **TONYA HARRIS-GREENE,** ) | |
| ) | |
| **Claimant.** ) | |
| _____) | |

### GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS

The United States of America, by and through the United States Attorney for the District of Columbia, hereby opposes claimant, Tonya Harris-Greene's Motion to Dismiss Forfeiture Action. Claimant appears to assert that the government cannot maintain this forfeiture action because it did not include in its Complaint her full street address. For the reasons discussed herein, claimant's motion is without merit and should be summarily denied.

### I.    BACKGROUND

On December 4, 2007, plaintiff filed a Verified Complaint for Forfeiture *In Rem* against the defendant, $83,255.00 in United States currency ("defendant currency"). Copies of the Complaint and Warrant of Arrest *In Rem* issued by the Clerk of the Court were served upon the defendant currency on December 10, 2007. See Document No. 2.[1] Additionally, copies of the Complaint and Warrant of Arrest *In Rem* were sent to all known interested parties, via the United

_____

[1] "Document No." refers to the docket number assigned to the electronically-filed documents in the instant matter.

States Postal Service.[2]  Claimant admits that she received service of the Complaint and notice of the forfeiture action.  <u>See</u> Document No. 5 at p. 2-3.

On March 26, 2008, claimant filed a verified claim to some of the defendant currency: $60,000.  Claimant indicated that she:  "avers and asserts that she is the rightful and legal owner of Sixty Thousand Dollars ($60,000.00) of the Eighty-Three Thousand, Two Hundred Twenty-Five Dollars ($83,255.00) in United States Currency seized, and that she shall legally and factually contest that said portion of the Property is forfeitable pursuant to the statute cited above."  <u>See</u> Document No. 3 at ¶ 4.  No other individual has filed a claim in this matter.[3]

On April 15, 2008, claimant filed the instant Motion to Dismiss Forfeiture Action.  <u>See</u> Document No. 5.

## II.     <u>ARGUMENT</u>

Claimant alleges that the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because she alleges that the Complaint "failed to list the address from which the Property was seized;" and "the four corners of the Complaint are silent as to the current location of the Property."  <u>See</u> Document No. 5 at p. 4.  The Complaint was not deficient, claimant's allegations are meritless, and claimant's motion to dismiss should be denied.  Claimant pursues her relief under Rule 12(b)(6) but, as her protest is to what she says is a lack of specificity, her motion falls within Rule 12(e), not Rule 12(b).  Under either Rule, however, claimant's motion lacks any merit.

---

[2]  <u>See</u> Document No. 6.

[3]  On April 18, 2008, the government filed a Motion for Partial Default Judgment and Judgment of Forfeiture regarding $23,255 of the defendant currency.  <u>See</u> Document No. 6.

2

Supplemental Rule G(2), which governs how civil forfeiture complaints are to be pled, states as follows:

(2) **Complaint**.  The complaint must:

(a) be verified;
(b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;
(c) describe the property with reasonable particularity;
(d) if the property is tangible, state its location when any seizure occurred and–if different – its location when the action is filed;
(e) identify the statute under which the forfeiture action is brought; and
(f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet is burden of proof at trial.

The Complaint here met these requirements.  Claimant's assertion that the government failed to provide the seizure location of the defendant currency as required by Supplemental Rule G(2)(d) is incorrect.  Paragraph 1 of the Complaint specifically states that the defendant currency was seized on a specific date, from a safe, in the bedroom of an apartment on Suitland Terrace, S.E., in Washington, D.C.

1. This is a civil action *in rem* to forfeit and condemn to the use and benefit of plaintiff United States of America the defendant personal property of $83,225.00 in U.S. currency seized from a safe located in a bedroom at xxxx Suitland Terrace, S.E., Apartment #301, Washington, D.C. on May 16, 2007.  Plaintiff brings this action pursuant to Title 21, United States Code, Section 881(a)(6).

Supplemental Rule G(2) does not require that a street address be provided as part of the seizure location.  Indeed, the government submits that simply stating that the property was seized within the District of Columbia suffices to establish location, and thus, venue and *in rem* jurisdiction.  Moreover, the seizure occurred at claimant's residence and she was present when law enforcement executed the search warrant.  See Document No. 1 at ¶¶ 5 and 8.  Consistent with a concern regarding claimant's privacy and the electronic filing system, the government purposely

3

did not provide the specific street address of claimant's residence. Claimant's allegation that the government failed to provide adequate information regarding the seizure location of the defendant currency is without merit.

Likewise, claimant's assertion that "the four corners of the Complaint are silent as to the current location of the Property" is also mistaken. Paragraph 2 of the Complaint states the current location of the defendant currency. "The property to be forfeited now is located in the District of Columbia in the control of an agency of the United States Government, having been deposited into the Seized Asset Deposit Fund Account, which the U.S. Marshals Service ("USMS") administers." See Document No. 1 at ¶ 2. The government complied with Supplemental Rule G(2) regarding both the location of the defendant currency's seizure and its current location. There is no basis for claimant's motion.

### III.    CONCLUSION

WHEREFORE, the government respectfully requests that the Court deny the defendant's Motion to Dismiss Forfeiture Action. The government further requests that the Court set this matter for an Initial Scheduling Conference. A proposed order is attached for the Court's utilization.

4

Respectfully submitted,


\_\_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


\_\_/s/_____
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney


\_\_/s/_____
DIANE G. LUCAS, D.C. Bar # 443610
Assistant United States Attorney
U.S. Attorney's Office
Criminal Division
555 Fourth St., N.W., Rm. 4822
Washington, D.C.  20530
202-514-7912
Diane.Lucas@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. No. 07-02185 (JDB)** |
| | ) | |
| **$83,225.00 IN U.S. CURRENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |
| | ) | |
| **TONYA HARRIS-GREENE,** | ) | |
| | ) | |
| **Claimant.** | ) | |
| _____ | ) | |

## **ORDER**

Upon consideration of the claimant's Motion to Dismiss Forfeiture Action, the plaintiff's Opposition, and the record herein, it is hereby

ORDERED, that the claimant's motion is DENIED.

IT IS FURTHER ORDERED, that an Initial Scheduling Conference is set for the ___ day of _____, 2008 at ___ o'clock in Courtroom _____ of the United States District Court for the District of Columbia.

Dated this ___ day of _____, 2008.

_____
JOHN D. BATES
United States District Judge