UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**$83,225.00 IN U.S. CURRENCY,**<br><br>Defendant.<br>———————————————<br>**TONYA HARRIS-GREENE,**<br><br>Claimant | Civil Action No.  07-2185 (JDB) |

## MEMORANDUM AND ORDER

On December 4, 2007, the United States filed a verified complaint for forfeiture *in rem* against defendant $83,225.00 in United States currency.  The complaint alleges that the defendant currency is forfeitable because it constitutes proceeds traceable to an exchange of money or other things of value for a controlled substance on one or more occasions in violation of the Controlled Substances Act, 21 U.S.C. §§ 841, 846.  On March 26, 2008, Tonya Harris-Greene filed a verified claim for $60,000 of the defendant currency.  Then on April 15, 2008, she filed a motion to dismiss the government's claim against that portion.  Meanwhile, the government filed a motion for default judgment and judgment of forfeiture against the remaining $23,225, as to which no claim was made by any party.

Upon consideration of [5] Harris-Greene's motion to dismiss, the opposition thereto, and the entire record herein, it is hereby **ORDERED** that the motion is **DENIED**.  The first ground

for the motion to dismiss is aimed at the portion of the government's complaint that lists the property where the defendant currency was seized as "xxxx Suitland Terrace, Apartment #301, Washington D.C." See Claimant's Mot. to Dismiss at 2. That identification, Harris-Greene argues, does not satisfy Supplemental Rule G(2)(d), which requires that "if the property is tangible," the government's forfeiture complaint must "state its location when any seizure occurred." See Supp. R. G(2)(d). There is no merit to Harris-Greene's contention. The government omitted the precise street address in the interest of privacy. The verified complaint, however, sufficiently identifies the location where the property was seized. Indeed, Harris-Greene was present at that very location when the seizure occurred, see Pl.'s Opp'n at 3, and hence she cannot now claim that she received insufficient notice of the government's claim. Harris-Greene's second argument fares no better. She claims that the complaint is silent with respect to the present location of the defendant currency in violation of Supplemental Rule G(2)(d). That is mistaken. The complaint plainly states that the currency "now is located in the District of Columbia in the control of an agency of the United States Government, having been deposited into the Seized Asset Deposit Fund Account, which the U.S. Marshals Service ("USMS") administers." See Compl. ¶ 2. That description satisfies Supplemental Rule G(2).

Upon consideration of [6] the government's motion for default judgment and judgment of forfeiture, it is hereby **ORDERED** that the motion is **GRANTED**. A partial default judgment is appropriate regarding $23,225 of the defendant currency because, following the government's compliance with the notice provisions set forth in Supplemental Rule G, no claim was made as to that portion of the defendant currency within the time period permitted by 18 U.S.C. § 983(a)(4)(A). It is hereby **ORDERED** that judgment is entered in favor of the United States of

America on the $23,225 portion of the *in rem* defendant currency, which is accordingly

**FORFEITED** to the United States of America to be disposed of in accordance with law.

The Clerk of the Court is hereby directed to send certified copies of this Judgment of

Forfeiture against $23,335 of the *in rem* defendant currency to the United States Marshals

Service and to counsel of record for the United States of America.

It is further **ORDERED** that a status conference is scheduled in this matter for September 11, 2008 at 9:15 a.m.

**SO ORDERED**.

                                      /s/ John D. Bates
                                    JOHN D. BATES
                              United States District Judge

Date: August 14, 2008